```
190909cruteA
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA
4          v.                              19 MJ 8301
                                           17 CR 8301 (CS)
5  KSAON L. CRUTE,
6    a/k/a "Crippy,"
7
              Defendant.
8  ------------------------------x
9                                          Jacobi Hospital
                                           Bronx, N.Y.
10                                         September 9, 2019
                                           4:02 p.m.
11
12 Before:
13              THE HONORABLE LISA MARGARET SMITH,
14                                         Magistrate Judge
15                     APPEARANCES
16
17 GEOFFREY S. BERMAN
       United States Attorney for the
18     Southern District of New York
   LINDSEY KEENAN
19     Assistant United States Attorney
20 HOWARD TANNER
       Attorney for Defendant Ksaon L. Crute
21
   ALSO PRESENT:
22              JOSEPH LOMBARDO, U.S. Probation Office
                                Federal Bureau of Investigation
23                              Task Force
24
25

          SABRINA A. D'EMIDIO - OFFICIAL COURT REPORTER
                         (914)390-4053

190909cruteA

1                      P R O C E E D I N G S

2            THE LAW CLERK:  In the matter of the United States of

3   America v. Ksaon L. Crute.  The case number is 19 MJ 8301 and

4   17 CR 110.

5            Counsel, please note your appearance for the record.

6            MS. KEENAN:  Lindsey Keenan for the government, your

7   Honor, joined by Joseph Lombardo from the Federal Bureau of

8   Investigation office.

9            MR. TANNER:  Howard Tanner for the defendant, who is

10  laying in the hospital bed beside me.

11           THE COURT:  Mr. Crute, I want to advise you that this

12  is not a trial.  You will not be called upon to answer or plead

13  to any charges at this time.  This proceeding is called an

14  initial appearance.  During this proceeding, it's my job to

15  advise you of your rights and to determine whether bail should

16  be set that may allow you to be released, and if so, what that

17  bail should be.

18           You have an absolute right to remain silent at this

19  and at every stage of the proceeding.  Any statement that you

20  do make may be used against you.  You have this right to remain

21  silent, even if you have already made statements to law

22  enforcement officers, and you are not required to answer any

23  questions that law enforcement officers ask you from this

24  moment on.

25           Do you understand that, sir?

190909cruteA

1          THE DEFENDANT:  Yes, ma'am.
2          THE COURT:  For that reason, I suggest that you
3  consult with Mr. Tanner before you answer any questions that
4  may be put to you, including questions that I will ask you
5  during this proceeding.
6          Do you understand that, sir?
7          THE DEFENDANT:  Yes, ma'am.
8          THE COURT:  All right.
9          Ms. Embola, would you place the defendant under oath
10 or affirmation, please.
11         Are you able to raise your right hand?
12         (Defendant complies)
13         THE COURT:  That's good.  That's good.
14         (Defendant Ksaon L. Crute sworn)
15         THE COURT:  All right.  Put your hand down.
16         It is important for you to understand that if you
17 knowingly make a false statement during these proceedings, you
18 could be subject to prosecution for perjury or for making a
19 false statement to the Court, and you could face a punishment
20 of up to five years in prison and a $250,000 fine for
21 committing such a crime.  Such punishment would be separate and
22 apart from any sentence you may be facing on the criminal
23 complaint and on the violation of supervised release.
24         Do you understand that?
25         THE DEFENDANT:  Yes, ma'am.

190909cruteA

1    THE COURT:  It is also important for you to
2 understand that any false statement you may make during this
3 proceeding may be used against you at trial if you decide to
4 testify at trial.
5    Do you understand that?
6    THE DEFENDANT:  Yes, ma'am.
7    THE COURT:  What's your full name, sir?
8    THE DEFENDANT:  Ksaon Crute.
9    THE COURT:  How old are you?
10    THE DEFENDANT:  Twenty-four years old.
11    THE COURT:  Do you have any difficulty reading,
12 writing, speaking or understanding the English language?
13    THE DEFENDANT:  No, ma'am.
14    THE COURT:  How far did you go in school?
15    THE DEFENDANT:  I graduated high school.
16    THE COURT:  Have you been treated within the last
17 three months for any mental illness or for addiction to drugs
18 or to alcohol?
19    THE DEFENDANT:  Only just this current situation.
20    THE COURT:  All right.  I should note for the record
21 that we are conducting this proceeding at Jacobi Hospital where
22 Mr. Crute has been since last Tuesday; is that right?
23    MR. LOMBARDO:  No.  Last Saturday, your Honor,
24 initially.
25    THE COURT:  Last Saturday, following an automobile

190909cruteA

1   accident; is that correct?

2   THE DEFENDANT:  Yes, September 1st.

3   THE COURT:  And you have been taking medication in
4   connection with your treatment here in the hospital; is that
5   right?

6   THE DEFENDANT:  Yes.

7   THE COURT:  Are you feeling sufficiently clear in
8   your mind right now to be able to go forward with this
9   proceeding?

10  THE DEFENDANT:  Yes.

11  THE COURT:  Mr. Tanner, you've had an opportunity to
12  discuss this matter with Mr. Crute.  Are you satisfied that he
13  is competent to go forward with this proceeding?

14  MR. TANNER:  I am, your Honor.

15  THE COURT:  I want you to understand, Mr. Crute, that
16  we were all here last week, prepared to go forward with this
17  proceeding because you, just like every other defendant, have a
18  right to have a prompt appearance before a judge after being
19  placed under arrest.

20  THE DEFENDANT:  Yeah.

21  THE COURT:  When we were here, Mr. Tanner came to see
22  you and he reported to me that you were not able to
23  communicate; that although your eyes were open, you were
24  completely unresponsive, so we made the decision at that point
25  not to go forward.  If you're not feeling well-enough now, we

190909cruteA

1   can postpone this and complete it on some other day.

2              Do you feel as though you're all right to go forward

3   today?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Okay.  You have an absolute right to be

6   represented by counsel at this and at every stage of the

7   proceedings against you, including representation during any

8   questioning by the authorities, during any lineup and at all

9   court proceedings, including this one, and you have the right

10  to consult with your attorney prior to answering any questions.

11             Do you understand that?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  You have the right to retain an attorney

14  of your own choosing.  If you are unable to afford an attorney,

15  one will be appointed to represent you without cost to you.

16             Do you wish to be represented by a lawyer?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you have the money with which to hire

19  your own attorney?

20             THE DEFENDANT:  No, ma'am.

21             THE COURT:  All right.

22             Ms. Embola, would you have the defendant swear to his

23  signature on the financial affidavit, please.

24             THE LAW CLERK:  Mr. Crute, I'm showing you this

25  financial affidavit.  Is this your signature on the financial

190909cruteA

1    affidavit?

2            THE DEFENDANT:  Yes, ma'am.

3            THE LAW CLERK:  Do you swear or affirm that the

4    information on the financial affidavit above your signature is

5    the truth, the whole truth and nothing but the truth?

6            THE DEFENDANT:  Yes, ma'am.

7            THE COURT:  All right.  I am required to tell you

8    that making a false statement on a financial affidavit can also

9    subject you to a charge of perjury or making a false statement,

10   and you could face a punishment of up to five years in prison

11   and a $250,000 fine for such a crime.  Such punishment would be

12   separate from any other sentence you may be facing.

13           Do you understand that?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  You are also required to notify the Court

16   if your financial status changes while this case is ongoing.

17           Do you understand that?

18           THE DEFENDANT:  Yes, ma'am.

19           THE COURT:  Does the form that you filled out with

20   Mr. Tanner's assistance completely and accurately state your

21   financial condition?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  Do you own or possess or have the right

24   to any money or any financial resources other than what's

25   listed on this form?

190909cruteA

| | |
|---|---|
| 1 | THE DEFENDANT:  No, ma'am. |
| 2 | THE COURT:  I find that Ksaon Crute is financially -- |
| 3 | THE DEFENDANT:  I don't -- |
| 4 | MR. TANNER:  Talk to me. |
| 5 | (Counsel confers with defendant) |
| 6 | THE COURT:  It's fine.  It's fine. |
| 7 | I find that Ksaon Crute is financially unable to |
| 8 | obtain counsel.  I appoint Howard Tanner to represent you.  I |
| 9 | initially appointed Mr. Tanner to represent you last Wednesday |
| 10 | before we were able to have the financial affidavit completed, |
| 11 | and so his representation will be continuing. |
| 12 | Mr. Tanner, thank you.  The Court appreciates your |
| 13 | taking the assignment. |
| 14 | MR. TANNER:  Thank you, your Honor.  And is this |
| 15 | assignment also on the violation of supervised release? |
| 16 | THE COURT:  Yes.  This is also on the violation of |
| 17 | supervised release.  Although there was a different attorney, I |
| 18 | think it makes sense to have the same attorney on both of these |
| 19 | matters going forward. |
| 20 | MR. TANNER:  Very well. |
| 21 | THE COURT:  Mr. Crute, I'm required by law to tell |
| 22 | you that if you are not a United States citizen, you may |
| 23 | request that an attorney for the government or a federal law |
| 24 | enforcement official notify a consular officer from your |
| 25 | country to tell them that you've been arrested.  You may ask |

190909cruteA

1  your attorney to request such notification at any time while
2  this case is ongoing.
3           You have been charged with violations of the federal
4  law based on a complaint entitled United States of America v.
5  Ksaon L. Crute, also known as "Crippy," and Jamar Findlay, also
6  known as "Murder."
7           Mr. Tanner, have you reviewed the complaint with your
8  client?
9           MR. TANNER:  Yes, your Honor.  I read the complete
10 complaint to him.  I am satisfied that he understands it.
11          THE COURT:  Do you waive the public reading of the
12 complaint?
13          MR. TANNER:  Yes, I do.
14          THE COURT:  Have you also had an opportunity to
15 review with Mr. Crute the violation petition asserting a
16 violation of supervised release?
17          MR. TANNER:  Yes, your Honor.
18          THE COURT:  And are you satisfied that he understands
19 the specifications in the petition?
20          MR. TANNER:  I am.
21          THE COURT:  And how does your client plead?  Does he
22 admit or deny the specifications?
23          MR. TANNER:  We deny the specifications.
24          THE COURT:  The specifications are considered denied.
25          We are not going to schedule any matter before

190909cruteA

1    Judge Seibel on the violation until after Mr. Crute is released
2    from the hospital.
3             And, of course, Mr. Tanner, if you can keep us posted
4    on that situation.
5             Ms. Keenan, when was the defendant taken into federal
6    custody?
7             MS. KEENAN:  On September 1st, 2019, your Honor, at
8    approximately 4:34 p.m., in Mount Vernon, New York.
9             THE COURT:  And what is the government's position
10   with regard to bail, this is understanding that it's an unusual
11   circumstance.  We do not have a Pretrial Services report.  We
12   do have a prior sentencing -- a presentence report, as well as
13   the violation petition and the complaint.
14            MS. KEENAN:  The government seeks detention, your
15   Honor, both on risk of flight and danger-to-the-community
16   grounds.
17            THE COURT:  And I believe being a felon in possession
18   of a firearm is a crime of violence for purposes of the Bail
19   Reform Act, but it is not a presumption case; is that right?
20            MS. KEENAN:  I believe that's right, your Honor.
21            MR. TANNER:  That's correct, your Honor.
22            At this point, I have discussed this matter with my
23   client.  My belief is that he will be in the hospital in any
24   event for the time being.  So, for that reason, until I find
25   out more information about this matter, we're going to consent

190909cruteA

1   to detention, pending -- with leave to make a bail application
2   in the future, your Honor.
3              THE COURT:  Certainly.
4              I'm going to order the defendant, Ksaon Crute, to be
5   detained, pending further proceedings in this matter.  This is
6   without prejudice to defense counsel making an application for
7   bail at any time in the future when circumstances warrant.
8              Mr. Crute, it's important for you to understand that
9   you have a right to a preliminary hearing within 14 days.  If
10  necessary, that hearing could take place here.  At that
11  hearing, the government would be required to present evidence
12  to establish probable cause to believe that you committed the
13  crime charged against you.  The preliminary hearing would not
14  take place if the government presents your case to a grand jury
15  and obtains an indictment on or before the date of the
16  preliminary hearing.
17             In addition, you have the right to waive a
18  preliminary hearing, or you may consent to an extension of time
19  for that hearing, and by doing so, you do not give up any
20  defenses or any other rights you may have.  However, you should
21  not waive or consent to an adjournment until you've had an
22  opportunity to discuss the matter with your attorney.
23             Do you understand that?
24             THE DEFENDANT:  Yes, ma'am.
25             THE COURT:  Mr. Tanner, what's your pleasure?

190909cruteA

1         MR. TANNER:  We'll roll this over, Judge, to the
2    30th day.
3         MS. KEENAN:  Just to note that the co-defendants have
4    a hearing date on September 25th.  It might make sense to
5    keep them on the same schedule.
6         THE COURT:  It might indeed make sense to put it on
7    for September 25th.
8         MS. KEENAN:  Mr. Crute, does it normally make that
9    dinging noise?  It's been repeatedly making noise.
10        THE DEFENDANT:  Actually, it makes it worse.
11        THE COURT:  Mr. Crute, it's important if your
12   circumstances change for you to make sure that either you, or
13   someone on your behalf, lets Mr. Tanner know, so that he can
14   make sure to do what he needs to do to protect your interests,
15   all right?  We know you're not going to get up and run away,
16   but we want to make sure that we keep on top of this so that we
17   can move the matter forward when it's appropriate to do so, all
18   right?
19        THE DEFENDANT:  Okay, ma'am.  Yes, ma'am.
20        THE COURT:  Do you need me to fill out a remand form?
21        THE MARSHAL:  Yes.
22        THE COURT:  And a medical attention, yes.
23        (Pause)
24        THE COURT:  Mr. Tanner, you had raised an issue about
25   visitors.

190909cruteA

1    MR. TANNER:  That's correct, Judge.  I don't see any
2 reason why my client shouldn't be permitted to receive family
3 at this time, especially given the situation here.  It's
4 important for me to be able to have a conduit here to contact
5 my client without me having to come out here on a weekly basis
6 to see whether he has any issues.
7    Aside from that, I think he should be entitled given
8 his condition.  And from what I understand, he's going to be in
9 the hospital for an extended period of time.  There's no reason
10 why he shouldn't be permitted to have his loved ones come and
11 visit him.
12    THE COURT:  Ms. Keenan.
13    MS. KEENAN:  No objection to visits from family.
14    THE COURT:  All right.
15    (Pause)
16    MS. KEENAN:  Your Honor, I understand from the
17 Marshals that they need to run some checks before they can
18 permit visitors, but I will update Mr. Tanner and the Court
19 accordingly as soon as those checks are complete.
20    THE COURT:  All right.
21    Mr. Tanner, do we have a list of prospective
22 visitors?
23    MR. TANNER:  Yes, yes, I do.  And I will get them to
24 Ms. Keenan by e-mail, I guess, --
25    MS. KEENAN:  That's fine.

190909cruteA

1           MR. TANNER:  -- and then we can run those checks.
2           Is there a time frame by which how long those checks
3  take?  I imagine it shouldn't take too long.
4           THE MARSHAL:  It shouldn't take that long.
5           MR. TANNER:  Very well.
6           THE COURT:  All right.  I'll give this to you.
7           Anything else?
8           MS. KEENAN:  Not from the government, your Honor.
9           THE DEFENDANT:  Who is --
10          THE COURT:  This is my law clerk.  And here is the
11 court reporter.  She's taking down everything that we say,
12 okay?
13          THE DEFENDANT:  All right.
14          (Adjourned)
15             - - -
16 Certified to be a true and correct
17 transcript of the stenographic record
18 to the best of my ability.
19 _____
   U.S. District Court
20 Official Court Reporter

SABRINA A. D'EMIDIO - OFFICIAL COURT REPORTER
(914)390-4053